UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAFI BZEIH,

        Petitioner,

vs.

        Criminal Case No. 08-20443
        Civil Case No. 12-14107
        HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER GRANTING PETITIONER'S REQUEST TO PROCEED
IN FORMA PAUPERIS (#85) AND DENYING BZEIH'S MOTION
TO VACATE (#83) AS TIME BARRED UNDER § 2255(F)**

On September 14, 2012, Bzeih filed a motion to vacate guilty plea pursuant to 28 U.S.C. § 2255 based on the Supreme Court's decision in Padilla v. Kentucky, 130 S.Ct. 1473 (2010). The same day, Bzeih filed a motion to proceed *in forma pauperis*. For the reasons set forth below, the motion to proceed *in forma pauperis* is GRANTED and Bzeih's motion to vacate is DENIED as time barred.

On June 25, 2009, Bzeih pleaded guilty to conspiracy to commit bank fraud. On October 26, 2009, the court sentenced Bzeih and entered its judgment of conviction. On March 31, 2010, the Supreme Court decided Padilla, the case on which Bzeih's § 2255 motion is based. On September 14, 2012, Bzeih filed his motion to vacate guilty plea. The motion is untimely under § 2255(f). Section 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by

> governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Bzeih was therefore required to file his motion within a year of the Supreme Court's decision in Padilla, before March 31, 2011. He failed to do so and his motion to vacate is therefore untimely.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir.1997). If a § 2255 motion is denied on procedural grounds without reaching the underlying merits, a certificate of appealability should issue if the movant shows that jurists of reason would find it debatable whether the motion states a valid claim and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 478 (2000). Petitioner has not demonstrated that jurists of reason

would find it debatable that his claims are valid, or that this court's procedural ruling is correct.

Accordingly,

Bzeih's motion to proceed *in forma pauperis* (#85) is GRANTED.

Bzeih's motion to vacate (#83) is DENIED.

Bzeih's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [Case No. 12-14107] is DISMISSED with prejudice.  A certificate of appealability shall not issue.

SO ORDERED.

Dated:  February 13, 2013

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 13, 2013, by electronic and/or ordinary mail and also on Safi Bzeih, #A 046 657 919, Etowah County Detention Center, 827 Forrest Avenue, Gadsden, AL 35901.

s/Barbara Radke
Deputy Clerk